Scott-Hourigan Co., a corporation, appellee, v.
Harold Deprez, appellant.

279 N. W. 2d 150

Filed May 22, 1979.  No. 42152.

John R. Brogan of Brogan, McCluskey & Wolstenholm, for appellant.

R. P. Cathcart of Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellee.

Heard before Boslaugh, White, and Hastings, JJ., and Grant and Sprague, District Judges.

Sprague, District Judge.

This is an appeal from a money judgment in a jury-waived action tried to the District Court for York County, Nebraska. The defendant, Harold Deprez, purchased two grain bins and related accessories from the plaintiff, Scott-Hourigan Co., a corporation. The bins were to be erected and ready for use by the 1974 harvest season. On September 23, 1974, there was a questioned acceptance of the erected bins by the defendant. The defendant did not use the bins for storage during the year 1974.

Shortly after the erection of the bins a white rust condition was observed on some of the bin panels. Treatment of these white rust areas, with a vinegar solution, was accomplished by the plaintiff in the spring of 1975. In January of 1976, 13 of the panels were replaced by the plaintiff. Plaintiff refused to replace any other panels.

A balance of $3,927.80 was due on the bins, and the plaintiff instituted a suit to recover this amount.

The defendant claimed there was a breach of implied warranty because of the white rust condition on the bin panels, and counterclaimed for the replacement cost of the defective material.

The District Court found generally in favor of the plaintiff and against the defendant on his counterclaim, and entered a judgment in the amount of $3,777.80. The court did find three panels with rust spots to be defective, and deducted the replacement cost of the panels in the amount of $150 from the contract price.

Defendant contends the court erred in finding only three of the panels provided by the plaintiff were defective. Defendant further contends the court erred in finding that the appearance of the two grain bins was immaterial to any implied warranty.

Both plaintiff and defendant offered expert testimony on the white rust condition. The nature and the extent of this condition, along with its impact upon the durability and the future utilization of the bins, was exhaustively covered by the testimony at trial.

The central question presented to the trial court was whether the rust condition was extensive or severe enough to affect the life and use of the bins. The court found that the rust condition was not of consequence. The findings of the court also incorporate by implication a determination that any cosmetic deterioration occasioned by the rust was not of serious import.

A lengthy review of the testimony would serve no illustrative purpose. It is sufficient to observe that there was competent evidence for the court to find: (1) That the rust condition was not extensive, and (2) that the rust condition had no detrimental effect on the life and use of the bins. These were the questions of fact decided by the trial court in a jury-waived matter. The findings are sufficiently supported by the evidence.

This court has consistently held that in a jury-waived action the judgment of the trial court on the facts has the same force as a jury verdict and will not be set aside if there is sufficient competent evidence to support it. Burhoop v. Pegram, 194 Neb. 606, 234 N. W. 2d 828 (1975); First Nat. Bank of Omaha v. First Cadco Corp., 189 Neb. 734, 205 N. W. 2d 115 (1973).

The briefs of both parties discuss at length the proper measure of damages, had an implied breach of warranty been established. Because of the affirmance of the trial court's finding, no discussion of this question is necessary.

Defendant further contends he was deprived of a fair trial because the court commenced the trial in the absence of defendant and his counsel. No specific showing was made by the defendant that would in any way indicate he was prejudiced by his absence at the start of the trial. The only evidence submitted by the plaintiff prior to the arrival of the defendant and his counsel concerned matters previously admitted by the pleadings. A recess was then taken to await the arrival of all parties. In searching the record, this court can find no evidence that the defendant was denied a fair trial.

AFFIRMED.